| | |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

RONALD W. RICHARD, JR. #02381-095 §
§
*versus* § CIVIL ACTION NO. 4:11-CV-76
§ CRIMINAL ACTION NO. 4:09-CR-37(1)
UNITED STATES OF AMERICA §

**ORDER OF DISMISSAL**

The above-entitled and numbered civil action was referred to United States Magistrate Judge Amos L. Mazzant, who issued a Report and Recommendation concluding that the motion to vacate, set aside, or correct his sentence filed pursuant to 28 U.S.C. § 2255 should be denied and dismissed with prejudice. Movant has filed objections.

The Report of the Magistrate Judge, which contains his proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration. Having made a *de novo* review of the objections raised by Movant to the Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and adopts the same as the findings and conclusions of the Court.

In his objections, Movant notes that, after the Report and Recommendation was issued, he asked for leave to file amendments to his § 2255 motion. Federal Rule of Civil Procedure 15 governs amended and supplemental pleadings. Case law has made it clear that Rule 15 applies to amendments of § 2255 motions. *See United States v. Saenz*, 282 F.3d 354, 356 (5th Cir. 2002) (Every circuit that has addressed this issue agrees that the one-year statute of limitations of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) does not render Rule 15 inapplicable to federal habeas proceedings.). Under Fed. R. Civ. P. 15( c), a district court may, in its discretion, permit an amendment that clarifies or amplifies a claim or theory in a timely filed § 2255 motion after the one-year statute of limitation of AEDPA has expired. *United States v. Thomas*, 221 F.3d 430, 433-34

(3rd Cir. 2000). Conversely, an amendment under Rule 15(c) should not be allowed where the movant seeks to add an entirely new claim or new theory of relief. *Id.* If a claim relates back to an original claim and the facts alleged implicate the original claim, an amendment may serve to fill in facts missing from the original claim. *See United States v. Duffus*, 174 F.3d 333, 337 (3rd Cir. 1999). Movant seeks to add new claims with his amendment; thus, this Court may not consider the improper amendment. It is accordingly

**ORDERED** that Movant's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (#1) pursuant to 28 U.S.C. § 2255 is **DENIED**, and the case is **DISMISSED** with prejudice. A certificate of appealability is **DENIED**. All motions by either party not previously ruled upon are **DENIED**.

SIGNED at Sherman, Texas, this 14th day of September, 2012.

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE